IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISRAEL TORRES,** | ) | |
| Plaintiff, | ) | Civil Action No. 11-161Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| **B.T. ROBINSON, et al,** | ) | |
| Defendants. | ) | Magistrate Judge Baxter |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the partial motion for summary judgment filed by Defendants [ECF No. 24] be granted.

The Clerk of Courts should be directed to terminate Defendant Sauers as a defendant on the docket.

**II.    REPORT**

**A.    Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on August 8, 2011. Named as Defendants to this action are: B.T. Robinson, a correctional officer; and Debra K. Sauers, the Superintendent of SCI Forest. Plaintiff alleges that Defendant Robinson used excessive force against him when Robinson closed Plaintiff's hand in a wicket, and later retaliated against him when Robinson refused to transport Plaintiff to misconduct hearings. Plaintiff alleges that Defendant Sauers ruled against him in misconduct and grievance appeals.

1

Defendants have filed a motion for partial summary judgment seeking the dismissal of the claims against Defendant Sauers.[1] ECF No. 24. Plaintiff has filed a brief in opposition to the pending motion. ECF No. 29. These issues are fully briefed and are ripe for disposition by this Court.

**B.      Standards of Review**

**1.   *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same).

---

[1] Furthermore, Defendants seek summary judgment on a purported procedural due process claim, as well as a threats/harassment claim against Defendant Robinson. Although Defendants have liberally construed the allegations of the complaint, Plaintiff makes clear in his opposition brief that he is not bringing a procedural due process claim. Plaintiff also clarifies that he is not bringing a claim based upon Defendant Robinson's verbal harassment, but that the verbal harassment is simply part of the continuing retaliatory conduct by Robinson.

## 2. Motion for summary judgment – Rule 56

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

### C. Personal Involvement of Defendant Sauers

Plaintiff cannot name an individual defendant based solely on supervisory liability, but, rather, he must show each defendant's personal involvement in the deprivation of his constitutional rights. This is true even if a named defendant is a supervisory prison official.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior.*" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). See also Rizzo v. Goode, 423 U.S. 362 (1976).[2] The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

If an official's only personal involvement is in investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Id. at 1208. According to Plaintiff's own deposition

---

[2] See also Monell v. Department of Social Services, 436 U.S. 658 (1978)(superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

4

testimony, he is bringing suit against Defendant Sauers based solely upon her written responses to Plaintiff's appeal through the grievance and/or misconduct appeal processes. See ECF No. 25-1, Deposition Testimony of Plaintiff, pages 10-12. Here, Plaintiff's claims against Defendant Sauers are not enough to impose personal liability upon her, and so summary judgment should be granted in her favor.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the partial motion for summary judgment filed by Defendants [ECF No. 24] be granted.

The Clerk of Courts should be directed to terminate Defendant Sauers as a defendant on the docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 11, 2012