IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISRAEL TORRES,<br>　　　　　　Plaintiff,<br><br>　　　v<br><br>B.T. ROBINSON<br>*CORRECTIOAL OFFICER*,<br>　　　　　　Defendant. | )<br>)<br>)<br>) 1:11-cv-161<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE (ECF No. 51). The time for Plaintiff to file a response has passed, and no response has been filed. The Court will nevertheless rule on the motion, without the benefit of a response from Plaintiff.

This is a *pro se* prisoner's civil rights action. Plaintiff was formerly a prisoner at SCI-Forest, having been released from custody on November 26, 2013, and apparently moved in with a relative in the Bronx, New York City. Immediately prior to his release and once again after his release, Plaintiff participated in telephonic pre-trial conferences with the Court and Defendant's counsel, during which he was notified and consented to his case having been scheduled for trial on Monday, December 9, 2013, with jury selection set to begin at 9:30 a.m. in Courtroom 6C. He was also sent a trial scheduling order reflecting that same information. Plaintiff orally assured the Court that he would be present on the date and time scheduled for trial.

Despite his assurances, Plaintiff failed to appear on the date and time of his trial. The Court delayed the proceedings until 10:30 a.m., in the hope that Plaintiff would arrive or call, but he never did. Nor did he otherwise contact the Court to explain his absence or request a

1

continuance.

After Plaintiff failed to appear, Defendant made an oral motion to dismiss the action for failure to prosecute. The Court denied the oral motion without prejudice since the Court chose to permit Plaintiff to have an opportunity to explain his whereabouts. Accordingly, the Court ordered Defendant to file a written motion within a week and indicated that Plaintiff would be permitted to respond. This motion followed on December 16, 2013. Plaintiff was given until December 31, 2013, to file a response. The Court sent a copy of the response scheduling order to Plaintiff's address in the Bronx via first class and certified mail, return receipt requested. The Court has not received acknowledgment of Plaintiff's receipt of the order. As previously noted, Plaintiff has not filed a response.

Turning to the merits, Defendant's motion is governed by Fed. R. Civ. P. 41(b), which provides, in pertinent part, that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Failing to appear at trial is a quintessential example of a failure to prosecute. However, prior to dismissing a case under Rule 41(b) the Court must consider the following six factors:

1. The extent of the party's personal responsibility;
2. The prejudice to the adversary caused by the failure;
3. Whether the party displayed a history of dilatoriness;
4. Whether the conduct of the party or the attorney was willful or in bad faith;
5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
6. Whether the claim has merit.

*Ash Trucking Co., Inc. v. Global Indus. Tech., Inc.*, No. 07-1443, 2008 WL 437028, at *4 (W.D. Pa. Feb. 14, 2008) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.

1984)). The Court must weigh all six factors. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). However, "[d]ismissal can be appropriate even if some of the *Poulis* factors are not satisfied." *Seawright v. Williams*, No. 05-576-JJF, 2009 WL 1176459, *1 (D. Del. May 1, 2009) (internal quotation marks omitted).

The Court's analysis of the *Poulis* factors confirms that dismissal is warranted in this case. In particular, the first, second, forth, fifth, and sixth factors all weigh heavily in favor of dismissal.

First, because Plaintiff is litigating *pro se*, he "is solely responsible for prosecuting [his] claim." *Seawright*, 2009 WL 1176459, at *2 (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992)). He cannot pass the blame along to counsel for his failure to appear on his trial date.

Second, Defendant was prejudiced by Plaintiff's conduct: he was forced to take time off from work, travel to Pittsburgh from his home in another county, arrange for a hotel, and – perhaps most important – go through the rigors of preparing for a trial that never happened. Moreover, Defendant's ability to defend himself will be impaired if he is forced to wait longer to proceed to trial, as memories of witnesses necessarily fade as the time between the events giving rise to this suit and the trial date expands.

Next, the record before the Court suggests that Plaintiff's conduct was willful. Plaintiff assured the Court that even though he was no longer imprisoned he would make arrangements to appear in Pittsburgh on the morning of his trial. Yet, on the day of trial, Plaintiff not only failed to appear, but also never contacted the Court or Defendant's counsel to provide an explanation for his absence. Without the benefit of an explanation, the Court is left to believe that Plaintiff thought that he could force Defendant, Defendant's counsel, and the Court to waste time and

resources preparing for his trial, only to drop his case upon his release from prison without any repercussions.

With respect to the fifth factor, there are no appropriate sanctions other than dismissal. Specifically, because Plaintiff is proceeding *pro se* and *in forma pauperis*, monetary sanctions and attorney's fees would not be effective alternatives to dismissing the case. *See Riley v. Sec'y of Penn. Dept. of Corrs.*, --- Fed. Appx. ---, 2013 WL 4574380, at *4 (3d Cir. Aug. 29, 2013); *Taylor v. Messmer*, No. 2:13–cv–01034, 2013 WL 4511249, at *2 (W.D. Pa. Aug. 23, 2013) (citation omitted).

Finally, consideration of the final factor – the merits of Plaintiff's claim – also supports dismissal. The standard for proving an Eighth Amendment excessive force claim is stringent – the force must have been used wilfully and maliciously, for the purpose of causing harm to Plaintiff. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Indeed, it has long been recognized that not all tortious conduct which occurs in prison amounts to an Eighth Amendment violation. *See Howell v. Cataldi*, 464 F.2d 272, 277 (3d Cir. 1972). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. In view of that precept, courts considering Eighth Amendment excessive force claims almost identical to that raised by Plaintiff have held that they do not state a constitutional violation. *See, e.g.*, *Hall v. Koehn*, No. 1:CV–10–1172, 2012 WL 3011784, at *20 (M.D. Pa. June 5, 2012) ("Regardless of whether the Plaintiff's own affidavit and the affidavits from other inmates are true that Defendant 'slammed' the wicket on his fingers of his left hand, based on precedent, the Defendant's act of closing or slamming the wicket is considered *de minimis* because it resulted in no discernible, if any, injuries.").

4

In sum, while Plaintiff has not displayed a history of delay in this proceeding – in fact, his pretrial filings were all timely – the other five *Poulis* factors weigh in favor of dismissing Plaintiff's claim for his failure to appear at trial. The Court recognizes that unfortunate circumstances may have befallen Plaintiff as he attempted to re-enter society after his time in prison. But he has been given more than ample opportunities to explain the reason(s) for his absence and has failed to do so. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that DEFENDANT'S MOTION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall docket this case **CLOSED**.

**SO ORDERED**, this 2nd day of January, 2014.

It is **FURTHER ORDERED** that the costs of procuring the attendance of prospective jurors are hereby assessed against Plaintiff in the amount of $2,289.34.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Israel Torres,** *pro se*
694 East 141st Street, Apt. 3F
Bronx, NY 10454
Via U.S. first class and certified mail

**Scott A. Bradley, Esquire**
Email: sbradley@attorneygeneral.gov
**Yana L. Warshafsky, Esquire**
Email: ywarshafsky@attorneygeneral.gov
Via CM/ECF